MOSK, J.
—I dissent.
The superior court in this case instructed the jury that an element of kidnapping for robbery is that the victim suffered an increased risk of harm as a result of the movement. In response to a question from the jury whether the risk of harm included psychological harm, it instructed that “Webster’s defines harm as physical or mental damage.” The majority hold that the instruction was not erroneous because the risk of harm required under Penal Code section 209, subdivision (d), may involve “physical or mental harm.” (Maj. opn., ante, at p. 886.) I disagree. An increased risk of psychological injury will not satisfy the asportation element for the offense of aggravated kidnapping.
At the time defendant Tuan Van Nguyen committed the underlying offenses, Penal Code section 209, subdivision (b), provided that “[a]ny person who kidnaps or carries away any individual to commit robbery shall be punished by imprisonment in the state prison for life with possibility of parole.” (Stats. 1990, ch. 55, § 3, p. 394.) Under People v. Daniels (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677] (hereafter Daniels), the offense of aggravated kidnapping required more than merely incidental movement of the victim; the asportation of the victim must “substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself.”[1]
It is abundantly clear in Daniels, which I authored, that we assumed the increased risk of harm required under the statute was of physical injury. Daniels itself involved allegations that the kidnapping victims suffered bodily harm. Indeed, the version of Penal Code section 209 that we explicated in Daniels expressly applied only “ ‘in cases in which the person . . . subjected to such kidnapping suffers . . . bodily harm.' " (Daniels, supra, 71 *897 Cal.2d at p. 1125, quoting former Pen. Code, § 209, Stats. 1951, ch. 1749, § 1, p. 4167, italics added.)
Our analysis in Daniels addressed the risk of physical harm only. Thus, we pointed out, with regard to the “bodily harm” element under Penal Code section 209, that some minor physical injuries are necessarily incidental to the crime of forcible kidnapping, but, as we had earlier held in People v. Jackson (1955) 44 Cal.2d 511, 517 [282 P.2d 898]), are not of the nature contemplated by the Legislature in providing a more serious penalty for an act of kidnapping that involves an increased risk of harm to the victim. (Daniels, supra, 71 Cal.2d at pp. 1133-1134.) Jackson had explained that in the case of merely trivial physical injury, “neither the purpose of enhancement of the penalty for the more heinous crime nor the intention of deterring the kidnaper from killing or injuring [the] victim is subserved.” (People v. Jackson, supra, 44 Cal.2d at p. 517.) By analogy, we construed the legislative intent with regard to the asportation element under Penal Code section 209 as excluding those “movements of the victim [that] are merely incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself.” (Daniels, supra, 71 Cal.2d at p. 1139.)
At no point in Daniels did we discuss the psychological or emotional aspects of the physical movement. Significantly, we concluded that the victims in Daniels were not subjected to a substantial increase in “the risk of harm otherwise present” by the movements they were compelled to perform in furtherance of the robbery (Daniels, supra, 71 Cal.2d at p. 1140), even though the evidence showed that they were moved at knifepoint or gunpoint and were “[b]adly frightened” and “distraught” (id. at p. 1123).[2]
Viewed in context, nothing we said in Daniels can reasonably be understood to suggest that we meant anything other than increased risk of bodily harm. Had we intended to hold that the increased risk of harm element could be satisfied by a risk of merely psychological injury—a conclusion that would appear at odds with the “bodily harm” that had been a requirement under Penal Code section 209 for decades—we would have so stated expressly and unmistakably.
We subsequently explained in People v. Timmons (1971) 4 Cal.3d 411, 414 [93 Cal.Rptr. 736, 482 P.2d 648], that we intended in Daniels “to refer *898 to an increase in the risk that the victim may suffer significant physical injuries over and above those to which a victim of the underlying crime is normally exposed.” (Italics added.) We have repeatedly referred to physical injuries in describing the risk of harm factor under Daniels. (See, e.g., In re Early (1975) 14 Cal.3d 122, 131 [120 Cal.Rptr. 881, 534 P.2d 721] [requirement under Daniels of increased risk of “ ' “significant physical injuries” ’ ” to the victim]; People v. Stanworth (1974) 11 Cal.3d 588, 598 [114 Cal.Rptr. 250, 522 P.2d 1058] [no aggravated kidnapping when there was no increased risk that the victim “would suffer physical harm”]; People v. Milan (1973) 9 Cal.3d 185, 192-193 [107 Cal.Rptr. 68, 507 P.2d 956] [requiring an increased risk of physical harm]; see also People v. Thornton (1974) 11 Cal.3d 738, 771 [114 Cal.Rptr. 467, 523 P.2d 267] (conc. & dis. opn. of Mosk, J.) [“[W]e required in Daniels ... the jury must find that the movements . . . substantially increased the risk of physical harm to the victim”]; People v. Lara (1974) 12 Cal.3d 903, 910 [117 Cal.Rptr. 549, 528 P.2d 365] (dis. opn. of Mosk, J.) [disagreeing with majority that the evidence showed “the substantial increase in the risk of serious physical harm to the victim required by Daniels”].)
Recently, People v. Rayford (1994) 9 Cal.4th 1, 23 [36 Cal.Rptr.2d 317, 884 P.2d 1369], described the Daniels test as requiring a substantial increase in the risk of physical injury. (See also id. at p. 24 (dis. opn. of Mosk, J.) [no evidence of substantially increased risk of harm because victim was not moved to a more secluded location, where there would be an increased risk “not only [of] rape, but also death”].) Similarly, People v. Martinez (1999) 20 Cal.4th 225, 236 [83 Cal.Rptr.2d 533, 973 P.2d 512] explained that “a primary reason forcible asportation is proscribed by the kidnapping statutes is the increase in the risk of harm to the victim because of the diminished likelihood of discovery, the opportunity for the commission of additional crimes, and the possibility of injury from foreseeable attempts to escape.” These considerations all involve the increased risk of physical harm, not of psychological injury.[3]
Nor do I agree with the majority that the 1976 amendment of Penal Code section 209—which placed the offense of kidnapping to commit robbery in *899 subdivision (b) (Stats. 1976, ch. 1139, § 136.5, p. 5099)—was a “deliberate” expression of legislative intent to expand the risk of harm element to include psychological injury. (Maj. opn., ante, at p. 885.) The majority offer no persuasive support for such conclusion in the legislative history or elsewhere. The Legislature has repeatedly demonstrated that it knows how to deliberately include psychological harm in a statute. (See, e.g., Bus. & Prof. Code, § 4303 [referring to “serious bodily or serious psychological injury”]; Health & Saf. Code, .§ 24176, subd. (c) [referring to “substantial risk of serious injury, either bodily harm or psychological harm]; Pen. Code, § 3508 [referring to “permanent physical or psychological injury”].) It did not do so here.
In my view, the requirement under Penal Code section 209, subdivision (b), must be understood in the context of our analysis in Daniels and of the statutory language, now in Penal Code section 209, subdivision (a), which has for decades spoken only of “bodily harm.” We should also avoid a construction of the statute that threatens, as does the majority’s, to undermine the statute’s purpose of deterring kidnappers from harming their victims and inducing them to release the victim unharmed.
No doubt there is some risk of psychological harm in every criminal contact, however brief. It would appear that, in future, virtually any act of kidnapping for the purpose of robbery may satisfy the requirement of a substantial (i.e., more than slight or trivial) increase in the risk of harm to the victim, even when there was no risk of physical injury. I cannot agree with the majority that the statute was intended to cast so wide a net.[4]
For these reasons, I dissent.
Appellant’s petition for a rehearing was denied July 12, 2000. Mosk, J., Chin, J., and Brown, J., were of the opinion that the petition should be granted.

Daniels found the risk of harm requirement implicit under an earlier version of the aggravated kidnapping statute. (Daniels, supra, 71 Cal.2d at p. 1139.) In 1997, the Legislature expressly incorporated the rule in Daniels in amended Penal Code section 209. (Id., subd. (b)(2), as amended by Stats. 1997, ch. 817, § 2 [“This subdivision shall apply only if the movement of the victim is beyond that merely incidental to the commission of, and increases the risk of harm to the victim over and above that necessarily present in, the intended underlying offense.” (Italics added.)]; see also Stats. 1997, ch. 817, § 17 [stating legislative intent to codify the Daniels test].)

 Although, as the majority point out (maj. opn., ante, at pp. 885-886), Daniels quoted an earlier case that cited the dictionary definition of the word “harm” as including “ ' “grief, pain, sorrow,” ’ ” (Daniels, supra, 11 Cal.2d at p. 1132, quoting People v. Tanner (1935) 3 Cal.2d 279, 297 [44 P.2d 324]), we did not purport to state or imply that the increased risk of harm required for a conviction of aggravated kidnapping could be established by a showing that asportation increased the risk of psychological injury to the victim.

The People point to dictum in People v. Laursen (1972) 8 Cal.3d 192, 198 [104 Cal.Rptr. 425, 501 P.2d 1145] that refers to the requirement under Penal Code section 209 as one involving “grave bodily or psychic injury.” I agree with the majority that the reference, which was not supported by Daniels or followed in any of our numerous other cases in point, is not persuasive authority herein. (Maj. opn., ante, at p. 879.) As explained in the text, the offense of aggravated kidnapping expressly required “bodily harm”; the reference to “psychic injury” in Laursen was obviously a misstatement. Significantly, until this case, no appellate court has held that the increased risk of psychological harm may satisfy the requirements for aggravated kidnapping until this case.

The majority observe that even if they had concluded that the trial court erred, such error was harmless. I disagree that it appears beyond a reasonable doubt that the instructional error did not contribute to the verdict obtained. (See Neder v. United States (1999) 527 U.S. 1, 15 [119 S.Ct. 1827, 1837, 144 L.Ed.2d 35]; see also People v. Flood (1998) 18 Cal.4th 470, 506 [76 Cal.Rptr.2d 180, 957 P.2d 869].)